```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


THOMAS SCAVELLO, et al.,       :
                               :
               Plaintiffs,     :    CIVIL ACTION
                               :
       v.                      :    NO. 08-CV-5992
                               :
TOWNSHIP OF SKIPPACK,          :
et al.,                        :
                               :
               Defendants.     :
```

**MEMORANDUM AND ORDER**

**Joyner, J.**                                        **October 1, 2009**

This case is now before the Court for the resolution of sixteen motions to dismiss Plaintiffs' Amended Complaint filed by thirty-six defendants. For the reasons that follow, the motions are GRANTED.

**Factual Background**[1]

This dispute arises out of a series of events in the Township of Skippack, Pennsylvania. Plaintiffs' federal claims center around a dispute over the parking of their vehicles. Plaintiffs moved into the Heritage Hunt Development, a thirty-home area within the Township, on September 15, 2006. Plaintiffs allege that following their move into the neighborhood they were

---

[1] In line with a Fed. R. Civ. P 12(b)(6) Motion to Dismiss, all factual allegations are viewed in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citations omitted).

subjected to harassment from their immediate neighbors, the Coopers, due to the parking of Plaintiffs' commercial vehicles on the street. Plaintiffs allege that the Coopers repeatedly called the Pennsylvania State Police and that the Coopers were responsible for the multiple police visits to Plaintiffs' home regarding the parking of their vehicles. When this failed to change Plaintiffs' parking behavior, the Coopers allegedly obtained the involvement of the Township of Skippack, through the actions of the Township Manager, Theodore Lockler, Jr. Mr. Lockler repeatedly contacted Plaintiffs to attempt to convince them to comply with the Coopers' requests. When this also proved unsuccessful, the Coopers sought official action from the Township. They circulated a petition, signed by many of the other defendants in this case, to make the block on which Plaintiffs lived a no-parking zone. Ultimately, the Township passed a no-parking ordinance that prevented all street parking on the block of the development that included Plaintiffs' home.

According to Plaintiffs' Amended Complaint, the passage of the no-parking ordinance was part of a larger conspiracy to deprive Plaintiffs of their constitutional rights, as well as to harass them and eventually push Plaintiffs out of the neighborhood. Plaintiffs allege that the Coopers and other neighbors slandered them by referring to them as "white trash," "tax evaders," and other derogatory terms. They further assert

that the Coopers undertook actions to harass Plaintiffs such as videotaping Plaintiff Tyler Scavello, a minor child, playing in his front yard and gathering together to shout at Plaintiffs. Finally, in both their Complaint and Amended Complaint, Plaintiffs state numerous facts that do not appear to be related to any cause of action.  For example, Plaintiffs discuss complaints made by their neighbors about one of Plaintiffs' Christmas decorations that played Christmas music from a small speaker on Plaintiffs' front lawn, and also discuss perceived abuses of the local court system.

Plaintiffs have named forty-three defendants who can be divided into three groups:  the Township of Skippack, its Chairman, Vice Chairman, and ten of its Supervisors; Plaintiffs' immediate neighbors, the Coopers, who are alleged to be intricately involved in a conspiracy to deprive Plaintiffs of their constitutional rights and who also are charged with several violations of state law; and thirty defendants who live in the Township of Skippack and are alleged to have participated in a conspiracy to deprive Plaintiffs of their constitutional rights by signing a petition in favor of the no-parking ordinance, and at least some of whom are alleged to have committed other violations of state law.  Plaintiffs filed their Complaint on December 26, 2008, and filed their Amended Complaint on February 27, 2009.  Thirty-six of the defendants then filed motions to

dismiss, all requesting dismissal under Fed. R. Civ. P. 12(b)(6), and some also requesting dismissal under Fed. R. Civ. P. 12(b)(1).  Before Plaintiffs responded to these motions, however, they obtained new counsel.  In their Responses, Plaintiffs withdrew many of their claims and limited their complaints against the Township officials to their individual capacities only.  After their Responses, Plaintiffs' remaining federal claims are for a violation of the Fourteenth Amendment's Equal Protection Clause due to the passage of the no-parking ordinance, and a conspiracy to deprive Plaintiffs of their constitutional rights due to the activities associated with the passage of this ordinance.[2]  Plaintiffs also assert state law claims for slander, intentional infliction of emotional distress, and invasion of privacy.  Defendants then filed three reply briefs, one for each class of defendant, on September 21, 2009.

## Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint should be dismissed if the plaintiff has failed to "state a claim on which relief can be granted."  In evaluating a motion to

---

[2] Plaintiffs also assert that they have been denied "their right to enjoyment and use of their property," and "their right to enjoy and use their property without annoyance, harassment and interference from the government." (Answer of Pls. to Mem. of Law in Supp. of Pls.' Mot. to Den. All Defs.' Mot. to Dismiss 8.)  Plaintiffs, however, do not state from where this right comes.  Plaintiffs explicitly withdrew their Substantive Due Process claims, (id. at 3), and state that they are not asserting a claim under the Takings Clause. (Id. at 4.)  As the Constitution does not contain an independent guarantee to use and enjoy property, and Plaintiffs have not demonstrated a source for this right, it will not be considered as a federal claim in this Memorandum.

4

dismiss, the court must take all well-pleaded factual allegations as true, but it is not required to blindly accept "a legal conclusion couched as a factual allegation."  Papasan v. Allain, 478 U.S. 265, 283, 286 (1986).  Although a plaintiff is not required to plead detailed factual allegations, the complaint must include enough facts to "raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In addition, Rule 12(b)(1) allows a court to dismiss a case for lack of subject matter jurisdiction.  28 U.S.C. § 1331 gives the federal courts subject matter jurisdiction over all cases arising under federal laws, treaties, or the Constitution.  In order for this section to be satisfied, the well-pleaded complaint must state a right to relief arising under federal law. Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9-10 (1983).  The complaint need not rest exclusively on federal law, so long as federal law is "an ingredient" of the action.  Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 807 (1986) (quoting Osborn v. Bank of the U.S., 22 U.S. (9 Wheat.) 738, 823 (1824)).  Importantly, federal question jurisdiction does not exist merely because a defense, or anticipated defense, is based upon a federal law.  Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 153-54 (1908).

**Discussion**

**Equal Protection Violation**

Plaintiffs have not stated a claim on which relief can be granted based on the Federal Constitution's Equal Protection Clause, and this claim, therefore, must be dismissed as to all moving defendants. A claim can be maintained under the Equal Protection Clause as a "class of one" if the individual is intentionally treated differently from others similarly situated without a rational basis. Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam). An individual does not literally need to be a class of one in order to proceed under this theory; the focus, instead, is on whether the plaintiff chooses to allege membership in a class or group. Id. at 564 & n.*. Rational basis review requires that legislative action, "[a]t a minimum, . . . be rationally related to a legitimate governmental purpose." Clark v. Jeter, 486 U.S. 456, 461 (1988). There is a "strong presumption of validity" when examining a statute under rational basis review, and the burden is on the party challenging the validity of the legislative action to establish that the statute is unconstitutional. FCC v. Beach Commc'ns, Inc., 508 U.S. 307, 314-15 (1993). Finally, when undertaking rational basis review, the party defending the constitutionality of the action need not introduce evidence or prove the actual motivation behind passage, but need only

demonstrate that there is some legitimate justification that could have motivated the action.  Id. at 315.

    Turning to the conduct alleged at hand, it is clear that Plaintiffs cannot maintain an action based upon the Equal Protection Clause.  Plaintiffs would have to bring this claim under a class-of-one theory as they are not alleging that their unequal treatment was common to a broader group or class of individuals.  Plaintiffs' Equal Protection claims are based solely on the passage of the no-parking ordinance by the Township of Skippack.  Plaintiffs meet the minimal hurdle required at the motion-to-dismiss stage of pleading that the conduct undertaken by Defendants was intentional.  According to Plaintiffs' pleadings, the Coopers were successful in shepherding a coalition of neighbors and Township officials into acting with the intent of denying Plaintiffs their constitutional rights.  This is sufficient to meet the pleading requirements for intent.

    Plaintiffs, however, fail to make any allegations to satisfy the second prong of the prima facie case.  Plaintiffs have failed to point to other individuals who were similarly situated yet treated differently, or even to state that such individuals exist.  When examining other individuals who are similarly situated, courts require a high degree of similarity.  In Mobley v. Tarlini, for example, the court found that an individual who was prevented from speaking at a town hall meeting was not

similarly situated to any other individual because he had already spoken twice, and nobody else had even attempted to speak three times at the meeting, much less been permitted to do so. 2009 U.S. Dist. LEXIS 60993, at *29 (E.D. Pa. July 15, 2009).  In the instant case, the no-parking ordinance applied to the entire block on which Plaintiffs lived.  Plaintiffs claim that those living on other streets in the Heritage Hunt Development are similarly situated, and because these neighbors can still park on the street, are treated differently.  For purposes of a no-parking ordinance, however, it is not reasonable to claim that individuals living on a different block or a different street are similarly situated.  Indeed, the instant case illustrates the importance of a strict standard when determining whether other individuals are similarly situated to the plaintiff.  Almost every local government ordinance will have an uneven impact on individuals across the community.  To allow challenges to such decisions under the Equal Protection Clause without a truly high degree of similarity would constitutionalize almost every action taken by local governments.  All individuals who were similarly situated to Plaintiffs—that is, lived on the same block—were treated the same by the no-parking ordinance, meaning that Plaintiffs' cannot point to anyone similarly situated yet treated differently.

    This Court's finding that no individuals were similarly

situated yet treated differently is further buttressed by the fact that the basis offered for the no-parking ordinance was specific to the block on which Plaintiffs lived.  Plaintiffs lived on the first block inside one of the entrances to Heritage Hunt Development, and within this first block the road has a dogleg to the left.  In addition, the parking of any vehicle on the street required all traffic through the block to move into part of the left lane.  Because of the location and configuration of the street, and because the route was used by school buses, the Township determined that the situation "effected (sic) the health, safety and welfare of the driving public and children entering and leaving a school bus," and enacted the no-parking ordinance to remedy this problem.  (Mem. of Law in Supp. of Defs. Twp. of Skippack et al.'s Mot. to Dismiss 27.)  The safety of drivers and children using the school bus is a legitimate governmental interest, and the no-parking ordinance is rationally related to this interest.  Although Plaintiffs suggest that there were alternative ways to address this problem, the Equal Protection Clause does not require, and in fact does not even permit, the courts to determine whether legislative bodies chose the "best" available option for achieving their legitimate governmental interest.  Instead, under rational basis review, the focus is on whether there was a rational relationship between the means chosen and the legitimate goal.  Plaintiffs do not

challenge either the legitimacy of the government's interest or the rationality of the means chosen to effectuate that interest. Plaintiffs' Equal Protection challenge, therefore, also fails to meet the third requirement for a class-of-one claim.

Plaintiffs cannot establish that there are others in the development who are similarly situated but were treated differently by the ordinance, nor do their pleadings attempt to cast doubt on the rational basis for the no-parking ordinance. Given these failures, Plaintiffs have not stated a claim on which relief can be granted, and their Equal Protection claims against the moving defendants must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**§ 1983 Conspiracy**

Plaintiffs also fail to sufficiently plead the existence of a conspiracy to deprive them of their constitutional rights. Although suit can only be brought under 42 U.S.C. § 1983 in circumstances where there is state action, private individuals may be sued under this section when they participate in a conspiracy with a state actor to deprive an individual of his constitutional rights. E.g., Abbott v. Latshaw, 164 F.3d 141, 147-48 (3d Cir. 1998). In order to allege a conspiracy under § 1983, a Plaintiff must show both the existence of a conspiracy and the denial of civil rights in furtherance of the conspiracy. Marchese v. Umstead, 110 F. Supp. 2d 361, 371 (E.D. Pa. 2000).

It is not sufficient to survive a motion to dismiss, however, for a complaint to simply make "conclusory allegations of concerted action but [be] devoid of facts actually reflecting joint action." See id. at 148 (noting that such a case would not state a claim for a § 1983 conspiracy and contrasting it with the one before it).

Plaintiffs' Amended Complaint fails to meet these requirements.  First, as noted above, Plaintiffs fail to plead a constitutional violation.  In addition, Plaintiffs do nothing but make conclusory allegations of conspiracy and neither plead any facts nor assert any collective action to demonstrate concerted action to deprive Plaintiffs of their constitutional rights, other than that defendants signed a petition.[3]  This act, by itself, shows no meeting of the minds and does not demonstrate concerted action.  Instead, Plaintiffs ask this Court to infer a conspiracy from the act.  To do so would allow the complaint to stand on conclusory allegations, which this Court cannot permit.[4]

---

[3] Plaintiffs point to two instances of concerted action in their Amended Complaint.  First, they claim that the defendants' signing of the no-parking-ordinance petition was part of a conspiracy to deprive Plaintiffs of their constitutional rights.  Second, Plaintiffs discuss an instance where a large group of defendants gathered together to shout at Plaintiffs.  This Court, as discussed further infra, declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.  Our discussion of conspiracy, therefore, is limited to the allegations that defendants conspired to deny Plaintiffs of their constitutional rights.  It in no way reflects any judgment on a potential conspiracy related to Plaintiffs' state law claims.

[4] Both Plaintiffs and many of the defendants devote substantial space in their briefs to the discussion of the Noerr-Pennington doctrine, and whether it prevents suit under § 1983 for any of the activities undertaken in

Plaintiffs have not pled any violation of their constitutional rights, much less a conspiracy to commit such a violation. Plaintiffs' claims against the moving defendants of a conspiracy under § 1983, therefore, are dismissed for failing to state a claim on which relief can be granted.

**State Law Claims**

Although this Court can maintain jurisdiction over the remaining state law claims in this action pursuant to 28 U.S.C. § 1367(a), we will decline to do so as allowed by § 1367(c)(3). Federal district courts have jurisdiction over all claims arising under federal law, 28 U.S.C. § 1331, but they also have the power to exercise supplemental jurisdiction over state law claims that are part of the same "case or controversy" as the federal claim. Id. § 1367(a).  Such jurisdiction, however, is not mandatory, and courts have the discretion to decline to exercise supplemental jurisdiction in several circumstances, including when "the district court has dismissed all claims over which it has original jurisdiction."  Id.  § 1367(c)(3).

In the present case, this Court finds it appropriate to decline to exercise supplemental jurisdiction over Plaintiffs' state law claims against the moving defendants.  Following the

---

connection with the signing of the no-parking-ordinance petition.  Given that Plaintiffs failed to plead a constitutional violation or any evidence of a conspiracy, this Court does not need to reach the question of the extent of the Noerr-Pennington doctrine or the "sham exception" thereto.

withdrawal of numerous claims in Plaintiffs' Responses to defendants' various motions to dismiss, the only federal claims that remained were Plaintiffs' Equal Protection claim and their § 1983 conspiracy allegation.  As both of these are dismissed by the accompanying orders, Plaintiffs' surviving claims are for slander, intentional infliction of emotional distress, and invasion of privacy.  As all of these are claims based on state law and are not within the original jurisdiction of this Court, we believe that these claims would best be addressed by state court, and decline to retain supplemental jurisdiction over them.

## Conclusion

Defendants' Motions to Dismiss are GRANTED for the reasons set forth above.  Appropriate orders follow.