**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THOMAS SCAVELLO, et al., | : | |
| Plaintiffs, | : | CIVIL ACTION |
| v. | : | No. 08-cv-5992 |
| TOWNSHIP OF SKIPPACK, et al., | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**Joyner, J.** **November 16, 2009**

This dispute has been brought before the Court on Defendants Mark Menapace, Marianne Menapace, George Bowen, Barbara Bowen, Carol Cross, David Carhart, and Amy Carhart's Motion for Attorneys' Fees pursuant to 42 U.S.C. § 1988. For the reasons articulated below, Defendants' Motion for Attorneys' Fees (Doc. No. 148) shall be GRANTED.

**Background**

Plaintiffs' federal claim centers around a series of actions that occurred in the Township of Skippack and culminated in the passage of a no-parking ordinance that allegedly violated the Equal Protection Clause of the Federal Constitution. The facts of this case have been set forth in detail in this Court's Memorandum granting Defendants' Motions to Dismiss, and only a brief overview will be provided here.

At the heart of Plaintiffs' Amended Complaint was a dispute

over the parking of Plaintiffs' vehicles on the street. Plaintiffs alleged that various individuals in the Township conspired with the Township Council to pass a no-parking ordinance that was designed to harass Plaintiffs and had no rational basis for being enacted. In filing their Complaint, Plaintiffs named forty-three Defendants, thirty of whom were involved in the conspiracy only by virtue of having signed a petition in favor of the no-parking ordinance. The Defendants who have filed the instant Motion are in this group, and the only federal allegation levied against them is that they conspired to violate Plaintiffs' Equal Protection rights. Plaintiffs also claimed a series of state law violations, including intentional infliction of emotional distress, invasion of privacy, and slander. In a Memorandum and Order dated October 1, this Court granted Defendants' Motions to Dismiss on all federal claims and declined to exercise jurisdiction over the pendent state law claims. Defendants then filed this Motion for Attorneys' fees on October 20.

**Standard**

42 U.S.C. § 1988 allows a court to award attorneys' fees to the prevailing party in a § 1983 case. Defendants in a § 1983 action are eligible to recover attorneys' fees under § 1988, but a prevailing defendant must meet a more stringent standard than a prevailing plaintiff in order to do so. Barnes Found. v. Twp. of

Lower Merion, 242 F.3d 151, 157-58 (3d Cir. 2001). A prevailing defendant should only be awarded attorneys' fees if the plaintiff's claim was "frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so." Christianburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978).[1]

The Third Circuit has articulated several factors that should be considered when determining whether a claim was frivolous, including "whether the plaintiff established a prima facie case, the defendant offered to settle, the trial court dismissed the case prior to trial or the case continued until a trial on the merits." Barnes, 242 F.3d at 158. In addition, the court should consider whether the issues litigated were ones of first impression, and what the real risk of the alleged injury was to the plaintiff. Id. Each case must be decided individually, however, and these factors are "guidelines, not strict rules." Id. at 161. "[I]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christianburg, 434 U.S. at 421-22.

[1]The same standard is applied in both Title VII and § 1983 cases when determining whether to award attorneys' fees. Hughes v. Rowe, 449 U.S. 5, 14 (1980). Cases discussing attorneys' fees under one statute can, therefore, be used in interpreting the other. Sullivan v. Pa. Dep't of Labor & Indus., 663 F.2d 443, 447 n.5 (3d Cir. 1981).

A defendant need not prevail on all claims in order to be considered the "prevailing party" for purposes of 42 U.S.C. § 1988. See Hensley v. Eckerhart, 461 U.S. 424, 435-37 (1983). This, however, does not mean that he is automatically entitled to attorneys' fees for the cost of defending the entire action if he prevails on only part of the case. See, e.g., Adams v. Teamsters Local 115, No. 99-4910, 2007 WL 2071897, at *3 (E.D. Pa. July 17, 2007) (noting that attorneys' fees necessary to defend against the plaintiff's § 1983 claims were recoverable, but that attorneys' fees generated in defense of the plaintiff's unadjudicated pendent state law claims were not recoverable). The Third Circuit has stated that the Hensley standard should govern in cases where the prevailing party faced both a fee-eligible federal claim and pendent state law claims for which attorneys' fees would not normally be available. Jama v. Esmor Corr. Servs., Inc., 577 F.3d 169, 179 (3d Cir. 2009). As the Court noted in Hensley, if there is a "common core of facts," it will frequently be the case that "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." Hensley, 461 U.S. at 435. In these situations, "the district courts should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. For example, in

circumstances where the prevailing party has not prevailed on all claims against it, a full award of attorneys's fees may prove excessive. Id. at 436. Importantly, however, there is no concrete rule as to how the district courts limit the award of fees. The central factor in determining the amount of attorneys' fees awarded is the degree of success obtained, but beyond that consideration it is equally permissible for this Court to identify specific hours that are not eligible for attorneys' fees as it is to reduce the overall award in proportion to the degree of success obtained. Id. at 436-37.

**Discussion**

Plaintiffs claim that by signing a petition supporting the passage of a no-parking ordinance, the moving Defendants became a part of a conspiracy to violate Plaintiffs' Equal Protection rights. As the constitutional claim against the moving Defendants were frivolous, these Defendants are entitled to attorneys' fees under § 1988.

Starting with the first of the factors listed above, Plaintiffs did not set forth a prima facie case of an Equal Protection violation. As noted in this Court's Memorandum granting Defendants' Motions to Dismiss, Plaintiffs were unable to establish a class-of-one violation of the Equal Protection Clause. Plaintiffs did not point to other individuals who were similarly situated yet treated differently, and did not establish

that the ordinance failed to meet the rational basis standard. It is on the latter point that Plaintiffs' argument most clearly failed. Although the actual motivation of the legislative body for passing a statute is irrelevant so long as there is some rational basis related to a legitimate government objective that could have motivated its passage, FCC v. Beach Commc'ns, Inc., 508 U.S. 307, 315 (1993), Plaintiffs' argument focused, and continues to focus, on what they assert was the Township Council's actual reason for enacting the ordinance. While individual motivations may be relevant to Plaintiffs' conspiracy claims, they do not address the absence of a rational basis for the legislation as required for a class-of-one violation of the Equal Protection Clause. As discussed more fully in our Memorandum granting Defendants' Motions to Dismiss, the Township certainly could have had a basis for passing a no-parking ordinance that was rationally related to a legitimate government purpose, and this is sufficient for the Township's action to survive this Court's review. Plaintiffs' Amended Complaint, therefore, did not contain allegations that were sufficient to plead a constitutional violation.

Importantly, however, the Defendants who have filed this Motion were not directly responsible for the alleged constitutional violation, but were only potentially liable as part of a broader conspiracy to deprive Plaintiffs of their

constitutional rights. In order for the moving Defendants to be liable, Plaintiffs would have had to show both a constitutional violation and a conspiracy. The failure to establish an underlying constitutional violation has already been discussed. As to the conspiracy element of the prima facie case, Plaintiffs sought to loop the moving Defendants into the conspiracy solely through the fact that they signed a petition in favor of a no-parking ordinance. Plaintiffs make no statements, nor do they introduce any facts tending to show, that the moving Defendants intended to violate Plaintiffs' constitutional rights when they signed the petition. Further, Plaintiffs do not make any showing that the moving Defendants engaged in any sort of concerted action, nor have they cited any law that would support a finding that the mere act of signing a petition constitutes a conspiracy. Plaintiffs, therefore, also failed to establish a prima facie case of conspiracy, which was the only federal claim brought against the moving Defendants.

Although Plaintiffs failed to state a prima facie case of an Equal Protection violation, their claim that the moving Defendants participated in a conspiracy to violate their constitutional rights was even further from establishing a prima facie case. The failure to even allege a prima facie case of conspiracy is especially problematic. Plaintiffs chose to file suit not only against those who were directly responsible for

their alleged constitutional harms but also against anyone who was potentially tangentially involved. Without any indication that the moving Defendants acted as part of a conspiracy to violate Plaintiffs' rights, Plaintiffs chose to involve them in this litigation. This factor strongly favors finding that the federal claim against these Defendants was frivolous.

Turning to the second and third factors to consider in determining whether Plaintiffs' constitutional claims were frivolous, none of the Defendants offered to settle the case, and it was dismissed at the Motion to Dismiss stage and did not reach a trial on the merits. Both of these factors, though not dispositive, point toward Plaintiffs' claim being frivolous.

The fourth factor, whether the issue was one of first impression, also points in favor of granting attorneys' fees. Both constitutional conspiracies and the class-of-one theory of an Equal Protection violation have well-developed backgrounds, as set forth in this Court's Memorandum granting Defendants' Motions to Dismiss. Although the specific facts of this case may have been unique and there is likely no case that is exactly on point with Plaintiffs', this is true for almost all litigation and does not prevent an award of attorneys' fees. The elements necessary to establish a right to relief were well-settled. Given the contents of Plaintiffs' pleadings, this Court did not need to make any novel interpretations or applications of law, and was

able to grant the Motions to Dismiss squarely within the established case law. Again, this factor weighs in favor of granting attorneys' fees.

Finally, it is unclear what the real risk of injury was to Plaintiffs from the alleged constitutional violation. In their Response to Defendants' Motion for Attorneys' Fees, Plaintiffs maintain that they "clearly felt at risk when bringing their Complaint and Amended Complaint. Had they not felt that their rights were being trampled, they would not have brought the lawsuit in the first place." (Mem. of Law in Supp. of Pls.' Answer to Defs.' Mot. for Attorney's Fees 6.) This is not the relevant test. Presumably all § 1983 plaintiffs believe that their rights are being trampled. The focus, however, is on the real risk of injury that will fall on Plaintiffs if the alleged constitutional violation is not cured. In the present instance, it would appear that the injury that resulted to Plaintiffs from the alleged constitutional violation was the inability to continue to park their vehicles on the street. Although Plaintiffs also allege that there were issues with parking the vehicles in their driveway or building a garage that was large enough to house the trucks, it is difficult for this Court to imagine that Plaintiffs could not have arrived at some sort of alternative parking arrangement that allowed them to continue to operate their business. In this sense, the real risk of injury

was quite small. We, therefore, believe that this factor also points in favor of awarding attorneys' fees to the moving Defendants.

To summarize, all five factors listed by the Third Circuit point in favor of granting attorneys' fees to the moving Defendants in the instant case. Recognizing that this is not a formulaic inquiry, and each determination of an award of attorneys' fees must be very fact specific, we are persuaded that the § 1983 claims against the moving Defendants were, in fact, frivolous, and are deserving of an award of attorneys' fees.

Importantly, however, Plaintiffs' Complaint and Amended Complaint contained numerous state law claims against the moving Defendants as well, and this Court declined to exercise supplemental jurisdiction over these when it dismissed Plaintiffs' federal claims. In this case, it does not appear that the state and federal claims arose out of the same set of facts. Although there may be some overlapping allegations, Defendants should be able to separate the work that was done in defending the § 1983 claims from the work done in defending the state law claims. Given that this Court did not rule on the merits of Plaintiffs' state law claims, it would be inappropriate for us to determine at this point that these claims were frivolous and grant attorneys' fees for the work performed on them. Defendants, therefore, will not be permitted to recover

all of their attorneys' fees in this action, but will be limited to their expenses in connection with defending against Plaintiffs' federal allegations.

As a final matter, Defendants have also requested that this Court use its inherent power to levy attorneys' fees against Plaintiffs for acting in bad faith. As we have granted Defendants' request for attorneys' fees pursuant to § 1988, it is unnecessary to consider whether this would be an appropriate action for the Court to take in the present circumstance.

**Conclusion**

Defendants' Motion for Attorneys' Fees is GRANTED for the reasons set forth above. An appropriate order follows.